Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Rd., Suite 210
Las Vegas Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Helena Gallardo*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

HELENA GALLARDO f/k/a LYNADA GALLARDO,

Plaintiff,

vs.

MANDARICH LAW GROUP, LLP,

Defendant.

Case No.:

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § § 1692, ET SEQ. (FDCPA)**

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff Helena Gallardo f/k/a Lynada Gallardo ("Plaintiff"), through counsel, brings this action to challenge the actions of Mandarich Law Group, LLP ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

3. Plaintiff makes these allegations on information and belief, with the exception of allegations made by Defendant that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

8. All violations alleged regarding the FDCPA are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises out of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "FDCPA" or the "Act").

11. Defendant is subject to personal jurisdiction in Nevada because it conducted business in Nevada and within this judicial district.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Clark County, Nevada.

**PARTIES**

13. Plaintiff is a natural person who resides in Clark County, Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

14. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" allegedly obligated to pay a debt as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a debt collection law firm doing business in the State of Nevada with a principal place of business located at Chicago, Illinois.

16. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due or

KAZEROUNI LAW GROUP, APC

asserted to be owed or due another, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff allegedly incurred financial obligations (the "Debt") to an original creditor, Cross River Bank (the "Original Creditor") that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, arising from a transaction which was primarily for personal, family, or household purposes; and therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payment(s) allegedly owed on the Debt.

21. Upon information and belief, the Original Creditor sold or assigned the Debt to Velocity Investments, LLC, before September 23, 2025.

22. Thereafter Velocity Investments, LLC, hired Defendant as its attorney to collect the Debt from Plaintiff and file a lawsuit against Plaintiff on Velocity Investment, LLC's behalf.

23. On September 23, 2025, due to Plaintiff's alleged delinquency on the Debt, Velocity Investment, LLC, though Defendant, filed a lawsuit against Plaintiff in the Justice Court Las Vegas Township in Clark County, Nevada, styled as *Velocity Investment, LLC v. Lynada Gallardo*, Case no.: 25C031581 (the "Lawsuit").

24. On or around October 23, 2025, Plaintiff, Defendant, and Velocity Investments LLC agreed on a settlement for the Lawsuit.



KAZEROUNI LAW GROUP, APC

25. On October 23, 2025, Defendant sent Plaintiff a letter and a Stipulated Judgment detailing the terms of the parties' agreement. The agreement between the parties were as follows:

a. Plaintiff would pay a total amount of $14,821.80 (without interest) on a monthly payment plan;
b. Each monthly payment would be in the amount of $247.03 for that specific month;
c. The first payment was to be made on October 31, 2025;
d. All subsequent payments were to be made by the 31st of the respective month until the $14,821.80 was paid in full; and
e. Payments were to be made to Defendant.

26. The agreement terms within the Stipulated Judgment were that Plaintiff would only make one (1) payment of $247.03 per month until the $14,821.80 was paid in full.

27. Plaintiff called Defendant's office, per the letter and Stipulated Judgment from Defendant, and set up ACH payments / "electronic post-dated checks" from her personal bank account for the monthly $247.03 payments to be taken out on the last of every month.

28. The Stipulated Judgement with the agreement terms was signed by Plaintiff on October 30, 2025, and returned to Defendant on that same day.

29. Plaintiff called Defendant's office, per the letter and Stipulated Judgment from Defendant, and set up ACH payments / "electronic post-dated checks" from her personal bank account for the monthly $247.03 payments to be taken out on the last of every month.

30. Defendant itself set up electronic post-dated checks with predetermined dates (the last of every month per the agreement).

31. Defendant set up the payments to be made on the last of every month and the first payment for October 2025 was taken out and cashed by Defendant.

KAZEROUNI LAW GROUP, APC

32. Per the Stipulated Judgment and the intent of the parties only one (1) payment of $247.03 was due per month.

33. Defendant subsequently took and cashed the November 2025 and December 2025 monthly payment from Plaintiff's account without an issue.

34. Deceptively, on January 6, 2026, Defendant sent a letter to Plaintiff where it lied and stated "[i]n accordance with your agreement with our office and pursuant to your authorization, we will be generating a check in the amount of $247.03 that is the scheduled to be processed January 15, 2026."

35. The agreement between the parties clearly stated that payments were due on the 31st of every month—not the 15th of the month.

36. Additionally, Plaintiff never authorized Defendant to process and take money out of her account on January 15, 2026.

37. Upon receiving the letter from Defendant, on January 9, 2026, Plaintiff specifically sent an email to Defendant (to @info@mandarichlaw.com) which refuted Defendant's deceptive representations and stated clearly

> "When I last spoke with your office . . . I clearly indicated that the withdrawal date was to remain the same—at the end of each month—not on the 15th. I do not understand why this date was changed . . . Please ensure that the payment schedule remains unchanged and that the withdrawal continues to occur at the end of the month using the new account information provided, and not on January 15th."

38. Further, in Plaintiff's email to Defendant, Plaintiff provided the January 9, 2026 Letter with a big red "X" marked on it and wrote in red "wrong date!"

39. On January 13, 2026, Defendant cashed the January 31, 2026, check (Check #9801) before the agreed on date of January 31, 2026—and two (2) days before it represented in its January 6, 2026, letter.

40. Further, and notably, on the same day, January 13, 2026, Defendant proceeded to cash the February 28, 2026, and March 31, 2026, checks (Check #9802 and



KAZEROUNI LAW GROUP, APC

9803) when they were not due and thus depleting Plaintiff checking account past what was agreed.

41. On January 13, 2026, Defendant took three (3) payments it was not entitled too.

42. On January 13, 2026, Defendant took a total of $741.09 from Plaintiff and left her account with very little money to no money.

43. Further, on the same day January 13, 2026, Defendant attempted to cash the subsequent nine (9) checks from April 2026 to December 2026, checks number 9804-981, but was unsuccessful because at this point Plaintiff did not have sufficient funds in her account.

44. These attempts were confirmed when, on January 14, 2026, Plaintiff received nine (9) separate emails from her personal bank, Capital One Bank, stating "[y]our check # [check number] for $247.03 was not cashed because there were insufficient funds in your 360 Checking….2566 account."

45. Defendant had no right to cash and take any money from Plaintiff on January 13, 2026, let alone any of the subsequent monthly payments that were not due yet.

46. Defendant was not entitled to collect the January 2026 payment on January 13, 2026, because it was not due until January 31, 2026, per the parties' agreement and the Stipulated Judgment.

47. Defendant was not entitled to collect the February 2026 payment on January 13, 2026, because it was not due until February 28, 2026, per the parties' agreement and the Stipulated Judgment.

48. Defendant was not entitled to collect the March 2026 payment on January 13, 2026, because it was not due until March 31, 2026, per the parties' agreement and the Stipulated Judgment.

49. Defendant was not entitled to attempt to collect the April 2026 payment on January 13, 2026, because it was not due until April 30, 2026, per the parties' agreement and the Stipulated Judgment.

50. Defendant was not entitled to attempt to collect the May 2026 payment on



KAZEROUNI LAW GROUP, APC

January 13, 2026, because it was not due until May 31, 2026, per the parties' agreement and the Stipulated Judgment.

51. Defendant was not entitled to attempt to collect the June 2026 payment on January 13, 2026, because it was not due until June 30, 2026, per the parties' agreement and the Stipulated Judgment.

52. Defendant was not entitled to attempt to collect the July 2026 payment on January 13, 2026, because it was not due until July 31, 2026, per the parties' agreement and the Stipulated Judgment.

53. Defendant was not entitled to attempt to collect the August 2026 payment on January 13, 2026, because it was not due until August 31, 2026, per the parties' agreement and the Stipulated Judgment.

54. Defendant was not entitled to attempt to collect the September 2026 payment on January 13, 2026, because it was not due until September 30, 2026, per the parties' agreement and the Stipulated Judgment.

55. Defendant was not entitled to attempt to collect the October 2026 payment on January 13, 2026, because it was not due until October 31, 2026, per the parties' agreement and the Stipulated Judgment.

56. Defendant was not entitled to attempt to collect the November 2026 payment on January 13, 2026, because it was not due until November 30, 2026, per the parties' agreement and the Stipulated Judgment.

57. Defendant was not entitled to attempt to collect the December 2026 payment on January 13, 2026, because it was not due until December 31, 2026, per the parties' agreement and the Stipulated Judgment.

58. Defendant was not authorized to engage in collection activities or attempt to collect money from Plaintiff which it was not entitled to when Defendant cashed and took Plaintiff's money on January 13, 2026.

59. After Defendant had wrongly taken Plaintiff's money on January 13, 2026, Plaintiff sent Defendant another email (to info@mandarichlaw.com) explaining

KAZEROUNI LAW GROUP, APC

that Defendant had wrongly deposited three checks from Plaintiff's account for January, February, and March, all at the same time, on January 13, 2026, which reduced Plaintiff's account balance to $0 and deprived Plaintiff of funds earmarked for essential utility bills. Plaintiff reminded Defendant that, under the parties' payment agreement, only a single payment of $247.03 was authorized to be withdrawn at the end of each month beginning in November 2025, and that cashing and depositing checks before the agreed on due date was improper and unauthorized. Plaintiff expressly disputed the transactions, demanded an immediate explanation and corrective action, and instructed that the next authorized draft could occur only on January 31, 2026, pursuant to the agreed payment schedule.

60. As of February 4, 2026, Defendant has not refunded any money to Plaintiff.

61. Defendant was not authorized to engage in collection activities or attempt to collect money from Plaintiff which it was not entitled to when Defendant attempted to cash and take Plaintiff's money on January 13, 2026.

62. Defendant knew and should have known that it was not entitled to the money it took and sought to collect from Plaintiff on January 13, 2026.

63. On multiple occasions Plaintiff has communicated with Defendant via phone calls and written communication that Defendant prematurely took out the January 31, 2026, payment on January 13, 2026, and that it also took out the February and March 2026 payments on January 13, 2026, when they were all not due, but Defendant has refused to admit its wrongful conduct and return money owed.

64. Further, in the above communications, Plaintiff has also notified Defendant that it wrongly attempted to take out money prematurely that was not owed for the April to December 2026 payments, but again Defendant has refused to admit its wrongful conduct.

65. Through the above conduct, Defendant violated 15 U.S.C. § 1692d of the



KAZEROUNI LAW GROUP, APC

FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

66. Through the above conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by making false representations to Plaintiff regarding the character, amount, or legal status of the Debt it claimed to be owed by attempting to collect the debt prematurely on January 13, 2026, before any of it was due.

67. Through the above conduct and communication to Plaintiff, Defendant violated 15 U.S.C. § 1692e and § 1692e(10) of the FDCPA by using false, deceptive, and misleading representations and means in connection with the collection of an alleged debt by collecting and attempting to collect on a debt that is not yet owed per the parties' agreement.

68. Through the above conduct and communication to Plaintiff, Defendant also violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt from Plaintiff by collecting and attempting to collect on a debt that is not yet owed per the parties' agreement.

69. In addition, through the above-alleged conduct, Defendant also violated 15 U.S.C. § 1692f(1) by collecting and attempting to collect an amount not expressly authorized by the parties' agreement or permitted by law.

70. Plaintiff has suffered injury-in-fact and concrete harm attributable to Defendant's collection activities as Plaintiff was confused, misled, suffered stress, and frustration due to Defendant's collection attempts associated with the Debt.

71. Through the above-mentioned conduct, Defendant engaged in debt collection activity constituting various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

///

///

///



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## CAUSES OF ACTION

### COUNT I
### THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

74. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any and all other relief that this Court may deem just and proper.

///

///

///

**DEMAND FOR JURY TRIAL**

75. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 4th day of February 2026.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*

GUSTAVO PONCE, ESQ.
MONA AMINI, ESQ.
6940 S. CIMARRON RD., SUITE 210
LAS VEGAS, NEVADA 89113
*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC